THE COLUMBIAN EXPOSITION SALVAGE COMPANY

*v.*

THE UNION CASUALTY AND SURETY CO. OF ST. LOUIS.

*Opinion filed February 21, 1906.*

1. INSURANCE—*question and answer construed as not permitting use of explosives.* In an application for indemnity insurance by a salvage company, the question, "No explosives or chemicals used except as herein stated?" to which the answer is "No," does not permit the use of such explosives upon the ground that the question and answer constitute a double negative equivalent to an affirmative.

2. SAME—*what evidence not admissible to show knowledge by insurer as to the intended use of explosives.* Where a particular indemnity insurance policy expressly prohibits the insured from using explosives in its salvage work, knowledge upon the part of the insurance company that the salvage company would use explosives cannot be shown by other policies previously issued between the same parties but at a higher premium rate, and which expressly permitted such use.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. P. VAIL, Judge, presiding.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

GEORGE W. WALL, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, Columbian Exposition Salvage Company, a corporation engaged in wrecking buildings and disposing of salvage therefrom, sued the defendant in error, Union Casualty and Surety Company of St. Louis, a corporation furnishing insurance against employers' liabilities, in the circuit court of Cook county upon a policy of insurance whereby the surety company insured the salvage company against legal liability for damages on account of injury to any persons, whether employees of the salvage company or not, in wrecking buildings at the World's Fair Grounds, Jackson Park, Chicago. The policy was issued in consideration of the statement of facts contained in an application therefor attached to the policy as a part of the contract, which were to be considered as warranties. The application contained questions and answers thereto, among which were the following question and answer as contained in the brief and argument for plaintiff in error: "Q. No explosives or chemicals used except as herein stated?—A. No." The suit

was brought on account of a fatàl injury to Samuel E. Hobson, and the defense set up in one of the pleas was, that such injury was the direct result of the use by the salvage company of explosives. At the trial it was proved that the salvage company was blasting at the foundatipns of Machinery Hall on October 17, 1895, and as a result of such blasting with an explosive a piece of stcel plate was thrown more than a quarter of a mile and killed Samuel E. Hobson, a person not in the employ of the salvage company. The administrator of Hobson's estate sued the salvage company for damages, and the surety company was notified of the suit and requested to defend the same in accordance with the provisions of the policy. The surety company refused, and the salvage company employed attorneys to defend the suit and expended for attorneys' fees $250, and was compelled to pay a judgment of $1750 and costs recovered in that suit. There was no controversy as to the facts, and the court directed the jury to return a verdict for the defendant, which was done and judgment was entered on the verdict. The salvage company prosecuted a writ of error from the Appellate Court for the First District to obtain a reversal of the judgment. The Branch Appellate Court affirmed the judgment, and the writ of error in this case was directed to the Appellate Court to have the record sent up for review.

It is contended that the trial court erred in directing a verdict, for the reason that by the terms of the application the salvage company was to use explosives in prosecuting its work. The argument is, that the negative form of the question as to explosives and the negative answer constituted two negatives, which amounted to an affirmative. In our opinion the question and answer will not admit of such a construction. The question is negative in form, but that is no ground for saying that the answer "No" was equivalent to saying that explosives would be used. The question was designed to obtain information as to whether explosives would be used, and the answer "No" meant the same as

"Not any" or "None." There is no double negative in the proper sense of the term, and the circuit court correctly construed the contract. The evidence showed, without contradiction, that the killing of Hobson resulted from the use of explosives contrary to the statement of the application, which was made a warranty. The direction to find for the defendant was not erroneous.

But it is further urged that the plaintiff offered evidence tending to prove that the defendant knew it would use explosives in prosecuting its business,—at least in demolishing the foundations of Machinery Hall,—and that the court erred in excluding such evidence. The offered evidence consisted of other policies issued to the plaintiff which were still in force when this one was issued, and which allowed the use of dynamite in removing the foundations of Machinery Hall. Aside from all questions of admissibility of the evidence under the pleadings as settled by the court, there was no error in the ruling. The policies had nothing to do with this suit and were issued for much larger premiums. There was no proof, or offer to prove, that any fact existed, known to the defendant or any authorized agent, contrary to the representations and warranties of the policy. The fact that the plaintiff had other policies issued at a higher rate of premium which permitted the use of explosives could not operate as notice to the defendant that the plaintiff would use explosives, relying upon this policy for indemnity, contrary to its express terms. The fact that such policies had been issued previously would be evidence that the defendant knew it was carrying risks under those policies for injuries resulting from the use of explosives, but it would have no tendency to prove that defendant understood it was carrying such a risk under the conditions of this policy to the contrary. There was no error in the rulings on the admission of evidence.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*